RACHEL JULAGAY
Federal Defender
R. HENRY BRANOM JR.
Senior Litigator
Federal Defenders of Montana
Great Falls Office
104 2nd Street South, Suite 301
Great Falls, MT 59401
hank_branom@fd.org
Phone:  (406) 727-5328
Fax:  (406) 727-4329
        Attorney for Defendant


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS MONTANA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No. CR 26-11-GF-BMM** |
| Plaintiff, | |
| vs. | **DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO DISMISS** |
| ROBERTO OROZCO-RAMIREZ, | |
| Defendant. | |

COMES NOW, Defendant Roberto Orozco-Ramirez, by and through his Counsel Rachel Julagay, Federal Defender, R. Henry Branom Jr., Senior Litigator, and the Federal Defenders of Montana, and respectfully responds to the Government's Motion to Dismiss filed in this matter.  (Doc. 29).

1

Roberto Orozco-Ramirez filed a motion and accompanying memorandum to dismiss the single charge in the indictment, a violation of 8 U.S.C. § 1326, on March 19, 2026, based on the invalidity of a defective and invalid 2009 stipulated removal order. (Docs. 20, 21). As set forth in the memorandum, Mr. Orozco-Ramirez satisfied all three prongs of section 1326(d). Specifically, he satisfied subsections 1326(d)(1) and (d)(2) in that under the statute's plain text, and pursuant to *United States v. Ramos*, 623 F.3d 672 (9th Cir. 2010) and *United States v. Valdivias-Soto*, 112 F.4th 713 (9th Cir. 2024), Mr. Orozco-Ramirez had no "available" "administrative remedies" and was afforded no "opportunity for judicial review."

Further, Mr. Orozco-Ramirez satisfied 1326(d)(3) in that the entry of the order was fundamentally unfair as (1) no immigration judge ensured Mr. Orozco-Ramirez's waiver of rights was knowing, voluntary, or intelligent, nor did they investigate whether he qualified for relief from removal or advise him of his eligibility for such relief, (2) Mr. Orozco-Ramirez was deprived of an interpreter despite speaking limited English, and (3) Mr. Orozco-Ramirez was not provided with a list of attorneys or organizations that could help represent him despite his requests for counsel. As Mr. Orozco-Ramirez had plausible grounds for relief, to wit, voluntary departure, cancelation of removal, and asylum, withholding of removal, and protection under the Convention Against Torture, he demonstrated prejudice in that, absent the due process violations (as well as statutory and

2

regulatory violations), there existed a reasonable probability that relief would be granted. *United States v. Arrieta*, 224 F.3d 1076, 1080 (9th Cir. 2000).

Given the collective violation of Mr. Orozco-Ramirez's due process rights and the prejudice suffered as a result, Mr. Orozco-Ramirez agrees dismissal is the appropriate remedy.

RESPECTFULLY SUBMITTED this 13th day of April, 2026.

/s/ Rachel Julagay

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on April 13, 2026, a copy of the foregoing document was

served on the following persons by the following means:

1, 2    CM-ECF
_____Hand Delivery
   3    Mail
_____Overnight Delivery Service
_____Fax
_____E-Mail

1.      CLERK, UNITED STATES DISTRICT COURT

2.      PAULETTE L. STEWART
        Assistant United States Attorney
        United States Attorney's Office
               Counsel for the United States of America

3.      ROBERTO OROZCO-RAMIREZ
               Defendant


                                        /s/ Rachel Julagay